**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STRUCTURAL IRON WORKERS LOCAL NO. 1 PENSION FUND, | ) ) ) ) CASE NO.: 19-CV-2034 |
| Plaintiff, | ) |
| vs. | ) JUDGE: |
| | ) |
| CHICAGO STEEL CONSTRUCTION, LLC, an Illinois Limited Liability Company; and CHICAGO DECKING, INC., an Indiana Corporation, | ) MAGISTRATE JUDGE: ) ) ) ) |
| Defendants. | ) |

**COMPLAINT**

NOW COMES the Plaintiff, the STRUCTURAL IRON WORKERS LOCAL NO. 1 PENSION FUND, by and through its attorneys, JOHNSON & KROL, LLC, complaining of the Defendants, CHICAGO STEEL CONSTRUCTION, LLC and CHICAGO DECKING, INC., and alleges as follows:

**JURISDICTION AND VENUE**

1. Count I and II of this action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185(c), 1132(e)(1), and 1145, as well as 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the STRUCTURAL IRON WORKERS LOCAL NO. 1 PENSION FUND ("Pension Fund"), the Structural Iron Workers Local No. 1 Welfare Fund, the Structural Iron Workers Local No. 1 Annuity Fund, the Apprenticeship Training and Journeyman's Retraining Fund, the National I.W.

Apprenticeship Fund, and the Local No. 1 Scholarship Fund (collectively, the "Trust Funds") are administered at 7700 Industrial Drive, Forest Park, Illinois 60130, and pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of Illinois, Eastern Division.

**PARTIES**

3. The Trust Funds receive contributions from numerous employers pursuant to collective bargaining agreements between employers and the Local Union No. 1 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers ("Union") and, therefore, are multiemployer plans under 29 U.S.C. § 1002.

4. The Trust Funds were established and are administered pursuant to the terms and provisions of certain Agreements and Declarations of Trust (the "Trust Agreements").

5. The Pension Fund is required to receive, hold, and manage all monies required to be contributed to the Trust Funds and is the authorized collection agent under the Principal Agreement and Trust Agreements for contributions and deductions to the Trust Funds and Union required under the Principal Agreement.

6. Pursuant to 29 U.S.C. §1132(a)(3), the Pension Fund is authorized to bring this action on behalf of its participants and beneficiaries for the purpose of collecting unpaid contributions and wages.

7. The Union is the bargaining representative of CHICAGO STEEL CONSTRUCTION, LLC ("CHICAGO STEEL") and CHICAGO DECKING, INC. ("CHICAGO DECKING")'s bargaining unit employees.

8. The Defendant CHICAGO STEEL is an Illinois Limited Liability Company with its principal place of business located in Merrillville, Indiana.

9. The Defendant CHICAGO DECKING is an Indiana Corporation with its principal place

of business located in Merrillville, Indiana.

10. The Defendants CHICAGO STEEL and CHICAGO DECKING are under common ownership and control and are joined together in this action under Rule 20(a)(2) of the Federal Rules of Civil Procedure in the interest of ensuring judicial economy and because common questions of law and fact will arise as it relates to the Defendants. Fed. R. Civ. Proc. 20(a)(2).

## COUNT I
## BREACH OF THE COLLECTIVE BARGAINING AGREEMENT- CHICAGO STEEL

11. Plaintiff re-alleges and incorporate the allegations contained in Paragraphs 1-10 of this Complaint with the same force and effect as if fully set forth herein.

12. CHICAGO STEEL is an employer engaged in an industry affecting commerce that entered into a Compliance Agreement whereby it agreed to be bound by the provisions of the Principal Agreement for all times relevant to this action. (A copy of the Principal Agreement pertaining to Chicago Steel is attached as **Exhibit 1)**; (A copy of the Compliance Agreement is attached as **Exhibit 2**).

13. Through the agreements referred to in Paragraph 12, the Defendant CHICAGO STEEL also became bound by the provisions of the Trust Agreements.

14. Pursuant to the provisions of the Principal Agreement and Trust Agreements, CHICAGO STEEL is required to make monthly reports of hours worked by covered employees and pay contributions to the Trust Funds at the negotiated rate.

15. The monthly reports and contributions during all times relevant were due on or before the fifteenth (15th) day of the calendar month following the calendar month during which the work was performed.

16. Pursuant to Section 502(g)(2) of ERISA, the Principal Agreement and Trust Agreements, employers who fail to submit their monthly contribution reports and contributions to the

Trust Funds on a timely basis are responsible for the payment of liquidated damages at a rate of twenty percent (20%) of the amount unpaid and interest at the rate of prime plus two percent (2%) per month for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

17. Pursuant to the Principal Agreement, CHICAGO STEEL is required to deduct union wage assessments ("union dues") from its covered employees' paychecks and remit payment of those union dues to the Pension Fund, as the collection agent for the Union.

18. Pursuant to the Principal Agreement, CHICAGO STEEL is required to deduct $4.00 per hour of post-tax wages as a vacation account deduction from its covered employees' paychecks and remit payment of those vacation account deductions to the Pension Fund.

19. Pursuant to the Principal Agreement, employers who are found to be delinquent through an audit are obligated to pay the full cost of the audit if the delinquencies exceed $2,500.

20. A recently completed payroll compliance audit for the period of January 1, 2014 through September 30, 2018 revealed that CHICAGO STEEL owes the aggregate amount of $23,269.55 in unpaid contributions to the Trust Funds.

21. As a result of CHICAGO STEEL's failure to pay its contributions to the Trust Funds in a timely manner for the period of January 1, 2014 through September 30, 2018, CHICAGO STEEL owes liquidated damages and interest in the aggregate amount of $8,931.14 to the Trust Funds.

22. CHICAGO STEEL is obligated to pay $2,856.47 in auditor's fees incurred by the Trust Funds to complete the payroll compliance audit.

23. CHICAGO STEEL has a continuing obligation to contribute to the Trust Funds.

24. The Plaintiff has been required to employ the undersigned attorneys to collect the monies that are owed to the Trust Funds.

25. The Plaintiff has complied with all conditions precedent in bringing this suit.

26. CHICAGO STEEL is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiff pursuant to the Principal Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiff respectfully requests:

A. That Judgment be entered in favor of Plaintiff and against Defendant CHICAGO STEEL in the aggregate amount of $23,269.55 for unpaid contributions owed for the period of January 1, 2014 through September 30, 2018;

B. That Judgment be entered in favor of Plaintiff and against Defendant CHICAGO STEEL in the aggregate amount of $8,931.14 for liquidated damages and interest owed for the period of January 1, 2014 through September 30, 2018;

C. That Judgment be entered in favor of Plaintiff and against Defendant CHICAGO STEEL the aggregate amount of $2,856.47 for the audit fees associated with the payroll compliance audit pursuant to the Principal Agreement;

D. That Judgment be entered in favor of Plaintiff and against Defendant CHICAGO STEEL for any other contributions, union dues, vacation deductions, wages, liquidated damages and interest that are found to be due and owing in addition to the amounts identified by paragraphs A, B and C above;

E. That Defendant CHICAGO STEEL be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiff pursuant to the Principal Agreement, Trust Agreements, and 29 U.S.C. §1132(g)(2)(D); and

F. That Plaintiff has such other and further relief as the Court may deem just and equitable all at the Defendant CHICAGO STEEL's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

## COUNT II
## BREACH OF THE COLLECTIVE BARGAINING AGREEMENT – CHICAGO DECKING

27. Plaintiff re-alleges and incorporate the allegations contained in Paragraphs 1-26 of this Complaint with the same force and effect as if fully set forth herein.

28. CHICAGO DECKING is an employer engaged in an industry affecting commerce that entered into a Compliance Agreement whereby it agreed to be bound by the provisions of the Principal Agreement for all times relevant to this action. (**Exhibit 2**); (A copy of the Compliance Agreement pertaining to Chicago Decking is attached as **Exhibit 3**).

29. Through the agreements referred to in Paragraph 28, the Defendant CHICAGO DECKING also became bound by the provisions of the Trust Agreements.

30. Pursuant to the provisions of the Principal Agreement and Trust Agreements, CHICAGO DECKING is required to make monthly reports of hours worked by covered employees and pay contributions to the Trust Funds at the negotiated rate.

31. The monthly reports and contributions during all times relevant were due on or before the fifteenth (15th) day of the calendar month following the calendar month during which the work was performed.

32. Pursuant to Section 502(g)(2) of ERISA, the Principal Agreement and Trust Agreements, employers who fail to submit their monthly contribution reports and contributions to the Trust Funds on a timely basis are responsible for the payment of liquidated damages at a rate of twenty percent (20%) of the amount unpaid and interest at the rate of prime plus two percent (2%) per month for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

33. Pursuant to the Principal Agreement, CHICAGO DECKING is required to deduct union wage assessments ("union dues") from its covered employees' paychecks and remit

payment of those union dues to the Pension Fund, as the collection agent for the Union.

34. Pursuant to the Principal Agreement, CHICAGO DECKING is required to deduct $4.00 per hour of post-tax wages as a vacation account deduction from its covered employees' paychecks and remit payment of those vacation account deductions to the Pension Fund.

35. Pursuant to the Principal Agreement, employers who are found to be delinquent through an audit are obligated to pay the full cost of the audit if the delinquencies exceed $2,500.

36. A recently completed payroll compliance audit for the period of January 1, 2014 through September 30, 2018 revealed that CHICAGO DECKING owes the aggregate amount of $18,273.80 in unpaid contributions to the Trust Funds.

37. As a result of CHICAGO DECKING's failure to pay its contributions to the Trust Funds in a timely manner for the period of January 1, 2014 through September 30, 2018, CHICAGO DECKING owes liquidated damages and interest in the aggregate amount of $6,570.71 to the Trust Funds.

38. CHICAGO DECKING is obligated to pay the $2,646.47 in auditor's fees incurred by the Trust Funds to complete the payroll compliance audit.

39. CHICAGO DECKING has a continuing obligation to contribute to the Trust Funds.

40. The Plaintiff has been required to employ the undersigned attorneys to collect the monies that are owed to the Trust Funds.

41. The Plaintiff has complied with all conditions precedent in bringing this suit.

42. CHICAGO DECKING is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiff pursuant to the Principal Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiff respectfully requests:

A. That Judgment be entered in favor of Plaintiff and against Defendant CHICAGO DECKING in the aggregate amount of $18,273.80 for unpaid contributions owed for the period of January 1, 2014 through September 30, 2018;

B. That Judgment be entered in favor of Plaintiff and against Defendant CHICAGO DECKING in the aggregate amount of $6,570.71 for liquidated damages and interest owed for the period of January 1, 2014 through September 30, 2018;

C. That Judgment be entered in favor of Plaintiff and against Defendant CHICAGO DECKING the aggregate amount of $2,646.47 for the audit fees associated with the payroll compliance audit pursuant to the Principal Agreement;

D. That Judgment be entered in favor of Plaintiff and against Defendant CHICAGO DECKING for any other contributions, union dues, vacation deductions, wages, liquidated damages and interest that are found to be due and owing in addition to the amounts identified by paragraphs A, B and C above;

E. That Defendant CHICAGO DECKING be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiff pursuant to the Principal Agreement, Trust Agreements, and 29 U.S.C. §1132(g)(2)(D); and

F. That Plaintiff has such other and further relief as the Court may deem just and equitable all at the Defendant CHICAGO DECKING's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully Submitted,

**STRUCTURAL IRON WORKERS LOCAL NO. 1 PENSION FUND**

Lucas J. Habeeb - 6329755
One of Plaintiff's Attorneys

Lucas J. Habeeb
JOHNSON & KROL, LLC
311 S. Wacker Drive, Suite 1050

Chicago, IL 60606
(312) 757-5472
habeeb@johnsonkrol.com